UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| P. J. C.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-973-CMS |
| ) | |
| FRANK BISIGNANO, ) | |
| Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). Doc. 2. This matter has been assigned to the undersigned Magistrate Judge pursuant to *In re: Social Security Cases*, G.O. 23-1 (W.D. Okla.) (eff. Jan. 6, 2023). After careful review, the undersigned recommends that the Court deny the Application.

**I.      Analysis**

The filing fee for a civil case in this Court is $405.00.[2] Courts have discretion in deciding whether to grant a civil litigant permission to proceed in forma pauperis ("IFP"). 28 U.S.C. § 1915(a); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

---

[1] The Court refers to Plaintiff by initials to protect Plaintiff's privacy because of the sensitive nature of medical and personal information disclosed in Social Security cases.

[2] The total filing fee includes a base fee of $350.00 plus an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (citation modified). To succeed on an application to proceed IFP, the plaintiff must show "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312.

A. **Factors for consideration**

Factors the Court may consider in exercising its discretion include "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citation modified). Plaintiff appeals the Commissioner of Social Security's denial of benefits. Doc. 1. But even assuming the complaint is not frivolous or malicious, the remaining factors weigh against granting Plaintiff's Application. Plaintiff is not a prisoner, so the special concerns attendant to prisoner cases do not apply.

As to the financial-resources factor, the Court may consider the degree to which Plaintiff's monthly income exceeds his monthly obligations. *See Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (affirming denial of IFP status, in part, because plaintiff's "monthly income exceeded his monthly obligations by several hundred dollars"); *Brewer*, 24 F. App'x at 979 (denying IFP status because plaintiff's "monthly income exceeds his monthly expenses by a few hundred dollars"). The Court may also consider Plaintiff's assets. *See Scherer*, 263 F. App'x at 669 (affirming denial of IFP status, in part, because of the value of plaintiff's home and automobiles); *Lister*, 408 F.3d at 1312

(citing 28 U.S.C. § 1915(a) and noting that an applicant's assets are relevant for consideration of an IFP application).

The Court may also consider income and assets of persons who financially support Plaintiff. *Butler v. O'Malley*, No. CIV-24-1014-CMS, 2024 WL 5184313, at *1 (W.D. Okla. Oct. 3, 2024) ("The Court may consider the income of Plaintiff's spouse and any assets of Plaintiff or his spouse.") (R&R), *adopted*, 2024 WL 5184312 (W.D. Okla. Nov. 5, 2024); *Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1155 (D. Kan. 2001) ("Courts have found that the income and assets of close family members are relevant to a determination of indigency under 28 U.S.C. § 1915." (citation modified)); *see also Burch v. Comm'r of Social Sec. Admin.*, No. 23-CV-878-STE, 2023 WL 8852831, at *1 (W.D. Okla. Oct. 17, 2023) (denying IFP after considering income of plaintiff's spouse) (R&R), *adopted*, 2023 WL 8852816 (W.D. Okla. Nov. 7, 2023); *Kimball v. Berryhill*, No. CIV-18-112-BMJ, 2018 WL 1178877, at *2 (W.D. Okla. Feb. 9, 2018) (denying IFP after considering income of plaintiff's spouse and their joint assets) (R&R), *adopted*, 2018 WL 1177485 (W.D. Okla. Mar. 6, 2018).

### B. Plaintiff's financial resources

Plaintiff attests that he receives monthly retirement income in the amount of $4,473.00 and VA disability in the amount of $4,600.00. Doc. 2 at 1. His wife receives a monthly disability pension in the amount of $721.00 and Social Security retirement income in the amount of $998.00. *Id.* Though Plaintiff stated this totals "$11,513.00 all together," the Court calculates the amount of monthly income for Plaintiff and his wife as $10,792.00. *Id.* Plaintiff also lists monetary assets of $100.00, as well as a home valued at $250,000.00

3

and an RV valued at $103,000.00. *Id.* at 2. The Court calculates the value of Plaintiff's listed assets as $353,100.00.

Plaintiff's total monthly debts amount to $10,504.00. *Id.* As such, Plaintiff's income exceeds his debts. Additionally, Plaintiff and his wife have significant assets with their home and RV. "While this Court does not suggest that [Plaintiff] is wealthy or has lots of money to spend, [he] does appear to have discretionary income and/or assets. It appears that [he] has the ability to spend [his] discretionary funds on filing fees if [he] desires." *Lewis v. Ctr. Mkt.*, No. CIV. 09-306 JB/RHS, 2009 WL 5217343, at *3 (D.N.M. Oct. 29, 2009), *aff'd*, 378 F. App'x 780 (10th Cir. 2010). The undersigned therefore finds that Plaintiff has not shown "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312.

## II.     Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. 2. The undersigned further recommends that if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within 21 days of any order adopting this Report and Recommendation, this action be dismissed without prejudice to refiling, pursuant to Local Civil Rule 3.3(e).

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of this Court by September 24, 2025. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and

Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**ENTERED** this 3rd day of September, 2025.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE