## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

PERRY JAMES COOK,               )
                               )
                Plaintiff,      )
                               )
v.                             )       Case No. CIV-25-973-SLP
                               )
FRANK BISIGNANO,               )
Commissioner of Social Security,  )
                               )
                Defendant.      )

## O R D E R

Before the Court is Plaintiff's Motion for Award of Attorney Fees [Doc. No. 20].

Plaintiff seeks an award of attorney fees pursuant to the Equal Access to Justice Act, 28

U.S.C. § 2412.  Defendant has filed a Response [Doc. No. 21].

Defendant represents to the Court that he does not oppose an award of $8,875.20 in

in attorneys' fees and expenses.  Resp. at 1.  The Court has reviewed the documentation

submitted by Plaintiff and finds that the requested fee of $8,875.20 is supported by the

documentation.  Additionally, the Court finds the requested amount represents a fair and

reasonable fee for the work performed by Plaintiff's counsel in this case.

Upon review and pursuant to the parties' representations, the Court GRANTS

Plaintiff's Motion and ORDERS as follows:

1.      Defendant will pay a total of $8,875.20 in EAJA fees.  Defendant is directed

to pay the amount directly to Plaintiff, in accordance with the requirements of the EAJA

and may do so by forwarding the amount to Plaintiff in care of her attorney.  *See Astrue v.*

*Ratliff*, 560 U.S. 586 (2010); *Manning v. Astrue*, 510 F.3d 1246 (10th Cir. 2007).

2.      Defendant's payment of the EAJA fees bars any and all claims Plaintiff may have relating to such award in connection with this action.

3.      Defendant's payment of the EAJA fees is without prejudice to Plaintiff's right to seek attorney fees under section 406(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA, 28 U.S.C. § 2412(c)(1).

4.      If Plaintiff's counsel is awarded attorney fees pursuant to § 406(b), Plaintiff's counsel must refund the smaller award to Plaintiff.  *See Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 13th day of April, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE